UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARRY COTA; GILDA GARCIA; ALLIE JO WOODARD, by her guardian ad litem Linda Gaspard-Berry; HARRY COTA; SUMI KONRAI by her guardian ad litem Casey Konrai; RONALD BELL by his guardian ad litem Rozene Dilworth, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID MAXWELL-JOLLY, Director of the Department of Health Care Services, State of California, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Defendants. | Case No:  C 09-3798 SBA<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION AND (2) DENYING PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT**<br><br>Docket 174, 177 |

This is a putative class action brought by elderly persons and adults with physical and mental disabilities who seek to enjoin funding cuts and eligibility restrictions regarding the Medi-Cal Adult Day Health Care program.  The hearing on Plaintiffs' Motion for Class Certification is scheduled for April 27, 2010.  That date, as well as the related motion briefing schedule, were proposed by the parties and approved by the Court based on the parties' representation that the ruling on the impending motion for preliminary injunction would impact the issues germane to the motion for class certification.

On February 24, 2010, the Court granted Plaintiffs' motion for preliminary injunction and enjoined Defendants "from implementing or enforcing ABx4 5, codified at California Welfare & Institutions Code §§ 14522.4, 14525.1 and 14526.2, or engaging in the following actions until further order of this Court:  reducing, terminating, suspending, or denying Medi-Cal Adult Day Health Care program benefits to the Plaintiffs and all similarly situated

individuals based on new eligibility and medical necessity criteria contained in California Welfare & Institutions Code §§ 14522.4, 14525.1 and 14526.2." Order at 25-26 (Docket 171).

On March 18, 2010, Defendants filed an Administrative Motion Pursuant to Local Rule 7-11 to Set Further Case Management Conference and for Extension of Time re Briefing and Hearing on Plaintiffs' Motion for Class Certification. Docket 174. In their motion, Defendants now request that the Court schedule a Case Management Conference regarding the issue of whether the briefing and hearing on the class certification motion should proceed as scheduled. Defendants contend that as a result of the Court's Preliminary Injunction Order, "it is not possible to determine who would or would not be a member of the purported class or adequate class representatives of such a class." Defs.' Adm. Mot. at 2. In addition, Defendants assert that as a result of a recent declaration issued on March 3, 2010, by Defendant David Maxwell Jolly, in his capacity as Director of the Department of Health Care Services (DHCS), there no longer is any need for the "Limitation of Benefits Subclass." Id.

On March 22, 2010, the Court issued an Order holding the briefing schedule on the motion for class certification in abeyance pending further consideration of Defendants' request. However, having now had the opportunity to more fully consider the arguments of the parties and to review the file in this matter, the Court concludes that the hearing and briefing on the motion for class certification should proceed and that it is unnecessary to conduct a further Case Management Conference. A Case Management Conference is not the proper forum for resolving disputed legal and factual issues. Defendants' arguments regarding whether the Court should consider certifying the class are appropriately presented to the Court in their opposition to Plaintiffs' motion for class certification. Nonetheless, since the briefing on the motion for class certification was temporarily held in abeyance, the Court will briefly enlarge the briefing schedule and continue the hearing date accordingly.

Also before the Court is Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt or in the Alternative for Further Preliminary Injunction. Docket 177. This motion is based on Defendant Maxwell-Jolly's March 3rd declaration regarding the implementation of Welfare and Institutions Code section 14525.1(g), which

1 Plaintiffs allege is in violation of the Court's Preliminary Injunction Order.  It does not appear
2 from the record that the parties have yet engaged in any meaningful or productive face-to-face
3 discussions regarding this matter prior to seeking the Court's intervention.  Rather, it is
4 apparent that counsel for Plaintiffs and Defendants simply have exchanged accusatory letters
5 regarding the March 3rd declaration.  <u>See</u> Gershon Decl. Exs. D, E.
6      The Court will not consider Plaintiffs' motion for an order to show cause until such time
7 as the parties are able to certify, in writing, that they have made a good faith effort to resolve
8 this particular dispute through a face-to-face meeting.  If the parties believe that they cannot
9 accomplish such a meeting in a civil and productive manner on their own accord, either side
10 may request the Court to assign a Magistrate Judge to oversee their discussion.  In addition,
11 either side may also request the Court to refer this matter to a Magistrate Judge for an early
12 settlement conference, forthwith.  Accordingly,
13      IT IS HEREBY ORDERED THAT:
14      1.     Defendant's Administrative Motion Pursuant to Local Rule 7-11 to Set
15 Further Case Management Conference and for Extension of Time re Briefing and Hearing
16 on Plaintiffs' Motion for Class Certification is GRANT IN PART AND DENIED IN
17 PART.  Defendants shall file their opposition to Plaintiffs' motion for class certification by
18 April 2, 2010, and Plaintiffs shall file their reply by April 23, 2010.
19      2.     The hearing on Plaintiffs' Motion for Class Certification is CONTINUED
20 from April 27, 2010 to **<u>May 25, 2010 at 1:00 p.m.</u>**  Pursuant to Federal Rule of Civil
21 Procedure 78(b), the Court may decide the motion without oral argument.  The parties are
22 advised to check the Court's website to determine whether an appearance on the motion is
23 required.
24      3.     Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be
25 Held in Contempt or in the Alternative for Further Preliminary Injunction is DENIED without
26 prejudice to renewal, provided that (a) the parties first meet and confer face-to-face and make a
27 good faith effort to resolve the issues raised in Plaintiffs' motion and (b) Plaintiffs certify to the
28 Court in writing that the parties have complied with the same.  Either party may request the

1 | Court to refer this matter to a Magistrate Judge to facilitate resolution of the issues giving rise
2 | to Plaintiffs' contempt motion and/or for a referral for an early settlement conference.
3 |     4.    This Order terminates Docket Nos. 174 and 177.
4 |     IT IS SO ORDERED.

Dated: March 24, 2010

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge