Elissa Gershon, State Bar No. 169741
elissa.gershon@disabilityrightsca.org
Elizabeth Zirker, State Bar No. 233487
elizabeth.zirker@disabilityrightsca.org
Jay B. Koslofsky, State Bar No. 97024
jay.koslofsky@disabilityrightsca.org
Kim Swain, State Bar No. 100340
kim.swain@disabilityrightsca.org
Daniel Brzovic, State Bar No. 89493
dan.brzovic@disabilityrightsca.org
Dara Schur, State Bar No. 98638
dara.schur@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201

Attorneys for Plaintiffs

[Complete list of counsel on following pages]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| HARRY COTA; GILDA GARCIA; ALLIE JO WOODARD, by her guardian ad litem Linda Gaspard-Berry; SUMI KONRAI by her guardian ad litem Casey Konrai; RONALD BELL by his guardian ad litem Rozene Dilworth, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID MAXWELL-JOLLY, Director of the Department of Health Care Services, State of California, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Defendants. | **Case No.: C09-03798 SBA**<br><br>**CLASS ACTION**<br><br>**STIPULATION AND ORDER RE: LIMITATION OF BENEFITS SUBCLASS**<br><br>Hearing Date: May 25, 2010<br>Time: 1:00 p.m.<br>Place: 1301 Clay Street<br>          Oakland, CA 94612<br>          Courtroom 3, Third Floor<br>Judge: Honorable Saundra B. Armstrong |

i

*COTA, ET AL. V. MAXWELL-JOLLY*, ET AL., C09-03798 SBA; STIPULATION AND [PROPOSED] ORDER RE: LIMITATION OF BENEFITS SUBCLASS

| | |
|---|---|
| Anna Rich, State Bar No. 230195<br>arich@nsclc.org<br>Kevin Prindiville, State Bar No. 235835<br>kprindiville@nsclc.org<br>NATIONAL SENIOR CITIZENS LAW CENTER<br>1330 Broadway, Suite 525<br>Oakland, CA 94612<br>Telephone: (510) 663-1055<br>Facsimile: (510) 663-1051 | Sarah Somers, State Bar No. 170118<br>somers@healthlaw.org<br>Martha Jane Perkins, State Bar No. 104784<br>perkins@healthlaw.org<br>NATIONAL HEALTH LAW PROGRAM<br>101 East Weaver Street, Suite G-7<br>Carrboro, NC 27510<br>Telephone: (919) 968-6308<br>Facsimile: (919) 968-8855 |
| Eric Carlson, State Bar No. 141538<br>ecarlson@nsclc.org<br>NATIONAL SENIOR CITIZENS LAW CENTER<br>3435 Wilshire Boulevard, Suite 2860<br>Los Angeles, CA 90010<br>Telephone: (213) 674-2813<br>Facsimile: (213) 639-0934 | Henry Su, State Bar No. 211202<br>SuH@howrey.com<br>Lindsay White, State Bar No. 261610<br>WhiteL@howrey.com<br>HOWREY LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA 94303<br>Telephone: (650) 798-3500<br>Facsimile: (650) 798-3600 |
| Barbara Jones, State Bar No. 88448<br>bjones@aarp.org<br>AARP FOUNDATION LITIGATION<br>200 South Los Robles, Suite 400<br>Pasadena, CA 91101<br>Telephone: (626) 585-2628<br>Facsimile: (626) 583-8538 | Farah Anthony, State Bar No. 252029<br>AnthonyF@howrey.com<br>HOWREY LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>Telephone: (415) 848-4900<br>Facsimile: (415) 848-4999 |
| Kenneth W. Zeller, *Pro Hac Vice*<br>kzeller@aarp.org<br>Kelly Bagby, *Pro Hac Vice*<br>kbagby@aarp.org<br>AARP FOUNDATION LITIGATION<br>601 E Street NW<br>Washington D.C. 20049<br>Telephone: (202) 434-2060<br>Facsimile: (202) 434-6424 | ***Attorneys for Defendants***<br>Edmund G. Brown, Jr.<br>Attorney General of California<br>Susan M. Carson, State Bar No. 135875<br>Susan.carson@doj.ca.gov<br>Supervising Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone     (415) 703-5580<br>Facsimile      (415) 703-5480 |

ii

1  This stipulation is based on the following facts and circumstances:

2  1) This Court issued an Order on September 9, 2009 enjoining Defendants from, *inter alia*, implementing or enforcing Welfare and Institutions Code section 14132(p)(2) or reducing, terminating or modifying Adult Day Health Care (ADHC) benefits from four or five days per week to a maximum of three days per week (Docket No. 57); and

2) This Court issued an Order on February 24, 2010 enjoining Defendants from, *inter alia*, implementing or enforcing Welfare and Institutions Code sections 14522.4, 14525.1 and 14526.2 (Docket No. 171); and

3) Defendant Maxwell-Jolly issued a Declaration on March 3, 2010 pursuant to Welfare and Institutions Code section 14525.1(g); and

4) The parties disagree as to whether the aforesaid Declaration was validly executed and enforceable in light of the February 24 injunction; and

5) Plaintiffs filed an Order to Show Cause re: Contempt on March 18, 2010 challenging the validity of the March 3 Declaration (Docket Nos. 177-179); and

6) The parties have met and conferred in good faith; and

7) The parties have agreed that the following stipulation will achieve the desired outcome for the benefit of the putative "Limitation of Benefits" subclass and result in efficiency and judicial economy;

THE PARTIES HEREBY STIPULATE as follows:

1) Notwithstanding the parties' disagreement as to whether the March 3, 2010 Declaration of David Maxwell-Jolly was validly issued, Defendants agree not to implement or enforce Welfare and Institutions Code section 14132(p)(2) now or in the future and therefore section 14132(p)(2) will be permanently inoperative;

2) Defendants agree to abide by the terms of the February 24, 2010 Injunction notwithstanding issuance of the March 3, 2010 Declaration of David Maxwell-Jolly, and agree that issuance of the March 3, 2010 Declaration is not intended to, nor has the effect of, modifying, voiding, or otherwise altering any terms of the February 24 Injunction;

1

3) Pursuant to this agreement, the parties agree that it is not necessary to conduct any further discovery, conduct any further litigation other than as set forth in Paragraphs 7 and 8 below, or seek any further relief concerning claims alleged by the "Limitation of Benefits" subclass in the First Amended Complaint (Docket No. 74) as of the Court's approval of this stipulation.  Defendants agree that the claims of the "Limitation of Benefits" subclass are tolled by this agreement;

4) The parties agree that for purposes of this agreement and pursuant to FRCP 23(e), the "Limitation of Benefits" subclass as defined in Paragraph 172(a) of the First Amended Complaint (Docket No. 74) should be certified, pursuant to FRCP 23(b)(2) and subject to Court approval;

5) The parties agree that the issue of notice to the "Limitation of Benefits" subclass pursuant to FRCP 23(e) shall be deferred until a later date to be determined by the parties and/or the Court;

6) The parties agree that notice to the "Limitation of Benefits" subclass pursuant to FRCP 23(c)(2)(A) is not necessary in light of the circumstances;

7) Plaintiffs reserve the right to seek attorneys' fees and costs regarding the issues raised on behalf of the "Limitation of Benefits" Subclass. It is the intention of the parties that this agreement, and any action(s) taken by the Court in reference to this agreement, may not be used to limit or oppose any claims or entitlement that Plaintiffs have for attorneys' fees and costs.  The deadlines set forth in FRCP 54(d) for the filing of any such motion or cost bill shall not begin to run unless and until the Court enters final judgment as to all remaining claims in the case.

8) The Court shall retain jurisdiction over the claims alleged by the "Limitation of Benefits" subclass in the First Amended Complaint for the purposes of enforcing Defendants' compliance with the terms of this agreement and for resolving any claim for fees and costs.

//

//

*COTA, ET AL. V. MAXWELL-JOLLY, ET AL.,* C09-03798 SBA; STIPULATION AND [PROPOSED] ORDER RE: LIMITATION OF BENEFITS SUBCLASS

Dated:                                  Respectfully Submitted,

DISABILITY RIGHTS CALIFORNIA
AARP FOUNDATION LITIGATION
NATIONAL SENIOR CITIZENS LAW CENTER
NATIONAL HEALTH LAW PROGRAM
HOWREY LLP

By:   /s/
      Elissa Gershon
      *Attorneys for Plaintiffs*

EDMUND G. BROWN JR.
Attorney General of California
SUSAN M. CARSON
Supervising Deputy Attorney General

Dated:                  By:   /s/
                              Susan M. Carson
                              *Attorneys for Defendants*

Filer's Attestation:  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of its signatories.

Dated:                  By:   /s/
                              Elissa Gershon

Having considered the above stipulation, the First Amended Complaint, the parties' papers in support of and in opposition to class certification, and the parties' papers referenced above, the Court finds:

1)      The proposed "Limitation of Benefits" subclass is defined as "all Medi-Cal beneficiaries who, as of August 26, 2009, have been authorized to receive four or five days of Adult Day Health Care Services by DHCS, and whose services will be reduced to a maximum of three days under the provisions of ABx4 5."

2)      The "Limitation of Benefits" subclass meets the requirements of FRCP 23(a) and (b)(2) in that:  a) the class is so numerous that joinder of all members is impracticable; b) there are questions of law and fact common to the class; c) the claims and defenses of the representative parties are typical of the claims and defenses of the class; and d) the representative parties will fairly and adequately protect the interests of the class.

3

*COTA, ET AL. V. MAXWELL-JOLLY, ET AL.,* C09-03798 SBA; STIPULATION AND [PROPOSED] ORDER RE: LIMITATION OF BENEFITS SUBCLASS

3)     Notice to the "Limitation of Benefits" subclass is not necessary pursuant to FRCP 23(c)(2)(A).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 5/14/10          By: _____
                              Honorable Saundra B. Armstrong

4

*COTA, ET AL. V. MAXWELL-JOLLY, ET AL.,* C09-03798 SBA; STIPULATION AND [PROPOSED] ORDER RE: LIMITATION OF BENEFITS SUBCLASS