Elissa Gershon, State Bar No. 169741
elissa.gershon@disabilityrightsca.org
Elizabeth Zirker, State Bar No. 233487
elizabeth.zirker@disabilityrightsca.org
Jay B. Koslofsky, State Bar No. 97024
jay.koslofsky@disabilityrightsca.org
Kim Swain, State Bar No. 100340
kim.swain@disabilityrightsca.org
Daniel Brzovic, State Bar No. 89493
dan.brzovic@disabilityrightsca.org
Dara Schur, State Bar No. 98638
dara.schur@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone:  (510) 267-1200
Facsimile:  (510) 267-1201

Attorneys for Plaintiffs

[Complete list of counsel on following pages]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| HARRY COTA; GILDA GARCIA; ALLIE JO WOODARD, by her guardian ad litem Linda Gaspard-Berry; RONALD BELL by his guardian ad litem Rozene Dilworth, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID MAXWELL-JOLLY, Director of the Department of Health Care Services, State of California, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Defendants. | **Case No.:  C09-03798 SBA**<br><br>**CLASS ACTION**<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING APPEAL**<br><br>Judge:   Honorable Saundra B. Armstrong |

Anna Rich, State Bar No. 230195
arich@nsclc.org
Kevin Prindiville, State Bar No. 235835
kprindiville@nsclc.org
NATIONAL SENIOR CITIZENS LAW CENTER
1330 Broadway, Suite 525
Oakland, CA  94612
Telephone:  (510) 663-1055
Facsimile:   (510) 663-1051

Eric Carlson, State Bar No. 141538
ecarlson@nsclc.org
NATIONAL SENIOR CITIZENS LAW CENTER
3435 Wilshire Boulevard, Suite 2860
Los Angeles, CA  90010
Telephone:  (213) 674-2813
Facsimile:   (213) 639-0934

Barbara Jones, State Bar No. 88448
bjones@aarp.org
AARP FOUNDATION LITIGATION
200 South Los Robles, Suite 400
Pasadena, CA  91101
Telephone:  (626) 585-2628
Facsimile:   (626) 583-8538

Kenneth W. Zeller, *Pro Hac Vice*
kzeller@aarp.org
Kelly Bagby, *Pro Hac Vice*
kbagby@aarp.org
AARP FOUNDATION LITIGATION
601 E Street NW
Washington D.C.  20049
Telephone:  (202) 434-2060
Facsimile:   (202) 434-6424

Sarah Somers, State Bar No. 170118
somers@healthlaw.org
Martha Jane Perkins, State Bar No. 104784
perkins@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
101 East Weaver Street, Suite G-7
Carrboro, NC 27510
Telephone: (919) 968-6308
Facsimile:   (919) 968-8855

Henry Su, State Bar No. 211202
SuH@howrey.com
Lindsay White, State Bar No. 261610
WhiteL@howrey.com
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone: (650) 798-3500
Facsimile:   (650) 798-3600

Farah Anthony, State Bar No. 252029
AnthonyF@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
Telephone: (415) 848-4900
Facsimile:   (415) 848-4999

***Attorneys for Defendants***
Edmund G. Brown, Jr.
Attorney General of California
Joshua Sondheimer
Joshua.Sondheimer@doj.ca.gov
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5615
Facsimile:   (415) 703-5480

ii

*COTA, ET AL. V. MAXWELL-JOLLY*, *ET AL.,* C09-03798 SBA; STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION PENDING APPEAL

This stipulation is based on the following facts, circumstances, and legal authority:

1) Defendants' appeal of the preliminary injunction issued by this Court on February 24, 2010 (Docket No. 171) is currently pending in the Ninth Circuit Court of Appeals (Case No. 10-15635) and oral argument scheduled for October 7, 2010 was taken off calendar pending the Court's issuance of an opinion in another appeal in *Oster v. Wagner* (Case No. 09-17581), which raises similar legal claims under Medicaid and the ADA. (Oral argument in that case was heard on June 15, 2010; the district court case is stayed pending the appeal). The Ninth Circuit has ordered the Parties in this matter to submit supplemental briefing within two weeks following its final disposition of *Oster*. *Cota v. Maxwell-Jolly*, Case No. 10-15635, Docket Entry 34.

2) As Defendants' appeal is addressed to virtually all of the legal issues in the case, resolution of the appeal could significantly alter the direction and scope of the current proceedings. Defendants have appealed all claims upon which Plaintiffs prevailed in their motion for preliminary injunction, including Plaintiffs' claims under the reasonable standards and comparability requirements of the federal Medicaid Act; the ADA's integration mandate and its prohibition on discriminatory methods of administration; and Plaintiffs' due process claims under the 14th Amendment. Moreover, Defendants have challenged Plaintiffs' standing to present these claims, and this Court's finding of irreparable harm to Plaintiffs in the absence of an injunction. Thus, a resolution of the interlocutory appeal is likely to at least clarify, if not narrow, the direction and scope of the case, affecting the issues involved in the current proceedings, including fact discovery, discovery disputes, and dispositive motions. Resolution of the appeal also could call for the filing of an amended complaint.

3) To date, the parties have diligently endeavored to proceed with litigation in anticipation of trial in September 2011. Specifically, the parties have litigated two preliminary injunction motions and class certification. Fact discovery is ongoing. However, the scope of some of the fact discovery, including depositions, and the issues to be tried may be affected by the resolution of the appeal as it pertains to the applicable legal standards.

1

4)       This Court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094, (E.D.Cal. 2008), internal citations omitted.  Given the broad scope of Defendants' interlocutory appeal, the Parties' stipulation and proposed order to stay proceedings pending a decision from the Court of Appeal is in the interests of conserving judicial and party resources.  *See, Lakeland Village Homeowners Ass'n v. Great American Ins. Group* --- F.Supp.2d ----, 2010 WL 2891250 (E.D.Cal.), internal citations omitted (holding that where resolution of a significant issue affecting the majority of claims "would alter the direction of the current proceedings * * * [i]t would be a waste of judicial and party resources to proceed with [these] claims while the appeal is pending.")

5)       All of these factors weigh in favor of a stay in this case.  The Court's preliminary injunction will remain in place, so the status quo will be preserved and the Plaintiff class will not suffer any harm if this stipulated request is granted.  While the Defendants will have to continue providing services under the existing criteria, Defendants believe a stay would promote efficient use of the Court's and parties' time, effort, and resources.

6)       A stay may also be appropriate where, as here, a pending decision in another case may settle or limit shared issues of law.  *Lockyer v. Mirant Corp*. 398 F.3d 1098, 1109 (9th Cir. 2005), citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).  As noted earlier, the Ninth Circuit, by postponing hearing the appeal in this case pending an order in *Oster v. Wagner*, Ninth Circuit Court of Appeals No. 09-17581, and requesting supplemental briefing following issuance of its opinion in that case, has indicated that it believes that its opinion in *Oster* may impact the issues in this matter.

7)       The Ninth Circuit has set forth standards for staying a proceeding under *Landis*, which require that the Court weigh "the competing interests which will be affected by the granting or refusal to grant a stay ….. among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating

2

1 of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v.*
2 *Mirant Corp*. 398 F.3d at 1109.  As both parties are amenable to a stay pending resolution of
3 Defendants' appeal, and a stay pending resolution of the appeal in *Oster* and in this matter could
4 avoid substantial wasted effort by the Court and parties, the competing interests that would be
5 affected by granting or refusing to grant a stay strongly favor a stay.  *Id.*
6       THE PARTIES HEREBY STIPULATE between the parties through their respective counsel
7 that, subject to Court approval:
8     1)     All district court proceedings in this action are hereby stayed as of the date of the
9          Court's approval of this stipulation;
10    2)     The preliminary injunction issued on February 24, 2010 (Docket No.171) will remain
11         in place during the entire stay period;
12    3)     The trial date and all other dates set forth in this Court's December 7, 2009 Order for
13         Pre-Trial Preparation (Docket No. 73) are vacated;
14    4)     This agreement serves as a "stand-still" agreement; thus, Plaintiffs have not waived
15         any rights to file motions to compel regarding discovery matters outstanding as of the
16         date of this agreement and Defendants shall not object to any such motions filed once
17         the stay is lifted based on the passage of time between the date of this agreement and
18         the lifting of the stay;
19    5)     Within seven (7) days of the Ninth Circuit's issuance of the mandate in the pending
20         preliminary injunction appeal in this action, the parties shall jointly request a Case
21         Management Conference with this Court to reset the trial date and all case
22         management dates;
23    6)     The reset trial and pre-trial preparation dates shall afford the parties no less time for
24         completion of fact discovery, expert discovery, dispositive motions, and pre-trial
25         activities than exists as of the date of this agreement;
26    7)     The stay shall be lifted 14 days after the aforementioned Case Management
27         Conference takes place;
28

8) Notwithstanding the above, the stay may be unilaterally lifted by any party at any time prior to the Ninth Circuit's ruling by giving seven (7) days' notice to the other party of their intent to lift the stay and then adhering to the provisions set forth in paragraphs 5 through 7 above, or by order of this Court;

9) In the event that the Ninth Circuit reverses or vacates the preliminary injunction in whole or in part, Defendants shall ensure that the new eligibility and medical necessity criteria set forth in Welfare and Institutions Code sections 14522.4, 14525.1, and 14526.2 (hereafter, "new criteria") that are presently enjoined by the preliminary injunction do not go into effect until the first of the month following a period of at least 30 days after the injunction is reversed, modified or vacated by the Ninth Circuit.  Nothing in the preceding sentence shall prohibit Defendants from taking preliminary steps prior to the expiration of the aforementioned period to enable the new criteria to go into effect immediately upon the expiration of this period, provided that the new criteria shall not go into effect prior to the expiration of this period.

10) Plaintiffs shall not seek a Temporary Restraining Order against implementation of the new criteria, and in the event that any Plaintiff seeks another preliminary injunction or a modification of the preliminary injunction following the Ninth Circuit's decision, such Plaintiff(s) shall meet and confer with Defendants to set a briefing schedule for such a motion as soon as practicable following issuance of the Ninth Circuit's decision.  If any such Plaintiff(s) seek an expedited briefing and hearing schedule on the motion in lieu of a Temporary Restraining Order, Plaintiff(s) will seek to file the motion within 10 days of the reversal, modification, or vacating of the injunction by the Ninth Circuit's mandate, in which case Plaintiffs will not suggest or request a briefing schedule that provides Defendants less than 10 days to file an opposition.  If the motion is filed later than 10 days after the injunction is reversed, modified, or

4

*COTA, ET AL. V. MAXWELL-JOLLY, ET AL.,* C09-03798 SBA; STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION PENDING APPEAL

vacated by the Ninth Circuit, Plaintiffs will not suggest or request a briefing schedule that provides Defendants less than two weeks to file an opposition.

Dated:  November 8, 2010                    Respectfully Submitted,

          DISABILITY RIGHTS CALIFORNIA
          AARP FOUNDATION LITIGATION
          NATIONAL SENIOR CITIZENS LAW CENTER
          NATIONAL HEALTH LAW PROGRAM
          HOWREY LLP

By:   /s/
     Elissa Gershon
     *Attorneys for Plaintiffs*

EDMUND G. BROWN JR.
Attorney General of California
Joshua Sondheimer
Deputy Attorney General

Dated:  November 8, 2010        By:   /s/
     Joshua Sondheimer
     *Attorneys for Defendants*

Filer's Attestation:  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of its signatories.

Dated:  November 8, 2010        By:   /s/
     Elissa Gershon

GOOD CAUSE APPEARING, PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 11/22/10                  By:   *[signature: Saundra B. Armstrong]*
     Honorable Saundra B. Armstrong

5