ELISSA GERSHON (CA SBN 169741)
Elissa.gershon@disabilityrightsca.org
ELIZABETH ZIRKER (CA SBN 233487)
Elizabeth.zirker@disabilityrightsca.org
KIM SWAIN (CA SBN 100340)
Kim.swain@disabilityrightsca.org
DISABILITY RIGHTS OF CALIFORNIA
1330 Broadway, Suite 500
Oakland, California 94612
Telephone: 510.267.1200
Facsimile: 510.267.1201

Attorneys for Plaintiffs

[Complete List of Counsel on Following Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARRY COTA; GILDA GARCIA; ALLIE JO WOODARD, by her guardian ad litem Linda Gaspard-Berry; RONALD BELL, by his guardian ad litem Rozene Dilworth, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOBY DOUGLAS[1], Director of the Department of Health Care Services, State of California, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Defendants. | Case No.   C09-03798 SBA<br><br>**SUPERSEDING STIPULATION AND PROPOSED ORDER FOR PARTIAL LIFT OF STAY AND ORDER SHORTENING TIME**<br><br>The Honorable Saundra Brown Armstrong |

---

[1] Defendant Toby Douglas was appointed Director of Defendant Department of Health Care Services on January 7, 2011, replacing former defendant David Maxwell-Jolly, and is sued in his official capacity. Mr. Douglas is being substituted for Mr. Maxwell-Jolly pursuant to Federal Rule of Civil Procedure 25(d).

KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ANNA RICH (CA SBN 230195)
arich@nsclc.org
KEVIN PRINDIVILLE (CA SBN 235835)
kprindiville@nsclc.org
NATIONAL SENIOR CITIZENS LAW CENTER
1330 Broadway, Suite 525
Oakland, California 94612
Telephone: 510.663.1055
Facsimile: 510.663.1051

ERIC CARLSON (CA SBN 141538)
Ecarlson@nsclc.org
NATIONAL SENIOR CITIZENS LAW CENTER
3435 Wilshire Boulevard, Suite 2860
Los Angeles, CA 90010
Telephone: 213.674.2813
Facsimile: 213.639.0934

BARBARA JONES (CA SBN 88448)
bjones@aarp.org
AARP FOUNDATION LITIGATION
200 So. Los Robles, Suite 400
Pasadena, California 91101
Telephone: 626.585.2628
Facsimile: 626.583.8538

KENNETH W. ZELLER, *Pro Hac Vice*
kzeller@aarp.org
KELLY BAGBY, *Pro Hac Vice*
kbagby@aarp.org
AARP FOUNDATION LITIGATION
601 E Street NW
Washington, D.C. 20049
Telephone: 202.434.2060
Facsimile: 202.434.6424

SARAH SOMERS (CA SBN 170118)
somers@healthlaw.org
MARTHA JANE PERKINS (CA SBN 104784)
perkins@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
101 East Weaver Street, Suite G-7
Carrboro, North Carolina 27510
Telephone: 919.968.6308
Facsimile: 919.968.8855

**Attorneys for Defendants**

KAMALA D. HARRIS
Attorney General of California

JOSHUA SONDHEIMER (CA SBN 152000)
Joshua. Sondeimer@doj.ca.gov
Deputy Attorney General
455 Golden Gate Avenue, Suite 1100
San Francisco, California 94102-7004
Telephone: 415.703.5615
Facsimile: 415.703.5480

SUPERSEDING STIP. AND [PROPOSED] ORDER FOR PARTIAL LIFT OF STAY AND ORDER SHORTENING TIME
CASE NO. C09-03798 SBA
pa- 1459744

2

This Stipulation supersedes the Stipulation and Proposed Order (Docket No. 204), filed with the Court on April 21, 2011.  The Stipulation has been amended, at the request of Defendants, to change the parties' proposed hearing date on Plaintiffs' Motion For Leave To Supplement Complaint (Docket No. 207 ) from May 10, 2011 to May 17, 2011, and to modify the briefing schedule for that motion accordingly.  In all other respects, the Stipulation and Proposed Order remain the same.  The Stipulation is based on the following facts and circumstances:

1. This Court issued an Order on September 9, 2009 enjoining Defendants from, *inter alia*, implementing or enforcing Welfare and Institutions Code section 14132(p)(2), or reducing, terminating or modifying Medi-Cal Adult Day Health Care (ADHC) program benefits from four or five days per week, to a maximum of three days per week, unless and until appropriate alternative Medi-Cal services are provided.  (Docket No. 57).

2. The Court issued a further Order on February 24, 2010 enjoining Defendants from, *inter alia*, implementing or enforcing Welfare and Institutions Code sections 14522.4, 14525.1 and 14526.2 (Docket No. 171), which set out new eligibility criteria for the ADHC benefit.

3. Defendants appealed from the February 24, 2010 Order to the Ninth Circuit Court of Appeals (Case No. 10-15635), and that appeal is deferred pending the final disposition in *Oster v. Wagner* (Case No. 09-17581).  *Oster* is, in turn, deferred pending the U.S. Supreme Court's disposition in the case *Maxwell-Jolly v. Independent Living Center of Southern California, Inc.*, No. 09-958.

4. In light of Defendants' pending appeal of the February 24, 2010 Order and the Ninth Circuit's deferral of the appeal pending its final disposition of *Oster v. Wagner*, the parties stipulated to a stay of the current action, and the Court entered a stay pursuant to the stipulation on November 22, 2010 (Docket No. 201) (the "Stay Order").  The Stay Order provided that the stay could be unilaterally lifted by any party at any time prior to the Ninth Circuit's ruling by giving the other party seven days' notice, and that the stay would then be lifted 14 days after the Court held a case management conference at the joint request of the parties to reset the trial and case management dates.  *Id. ¶¶* 6-9.

SUPERSEDING STIP. AND [PROPOSED] ORDER FOR PARTIAL LIFT OF STAY AND ORDER SHORTENING TIME
CASE NO. C09-03798 SBA
pa- 1459744

3

5. On March 24, 2011, Assembly Bill 97 (Chapter 3, Statutes of 2011) ("AB 97") was signed into law by Governor Brown. Pursuant to AB 97, California is seeking to eliminate ADHC as an optional Medi-Cal benefit. Pursuant to AB 97, California will submit a State Medicaid Plan amendment to the Centers for Medicare and Medicaid Services ("CMS") to eliminate ADHC as an optional Medi-Cal benefit. Under the bill, this change will become effective on the later of July 1, 2011 or the first day of the first calendar month following sixty days after CMS gives its approval to the amendment. The State has not yet submitted the State Plan Amendment (SPA) to CMS for review, and CMS approval of any SPA is therefore highly unlikely before April 30. Accordingly, the parties believe that August 1, 2011 is the earliest possible effective date.

6. AB 97 authorizes the implementation of a "short-term program" to transition ADHC participants to other Medi-Cal and alternative services, and states that during the 2011-12 legislative session, the Legislature will adopt legislation for the creation of a new program, called Keeping Adults Free from Institutions ("KAFI"), which will be pursued through a "federal waiver."

7. The 2011-2012 Budget Act, Senate Bill 69 (Statutes of 2011) ("SB 69") would provide funding for transition of existing ADHC beneficiaries to alternative Medi-Cal services and, as appropriate, to the new KAFI program. Under SB 69, the state's share of funding for Medi-Cal and other services to existing ADHC beneficiaries for this transition period and the KAFI program for fiscal year 2011-12 would be $85 million, approximately one half of the state's current fiscal year funding for the ADHC program. SB 69 has been approved by the State Assembly and Senate, but has not been signed by the Governor and thus is not in effect.

8. On April 5, 2011, Plaintiffs gave notice to Defendants' counsel of their intent to file an amended and/or supplemental complaint to add allegations concerning AB 97, and to partially lift the stay to allow for the filing of an amended and/or supplemental complaint and preliminary injunction motion concerning the implementation of AB 97.

9. Defendants oppose the filing of a supplemental complaint, but without waiving any of their rights to challenge the procedural and substantive merits of an amended and/or supplemental

complaint, are willing to stipulate to Plaintiffs' request for a partial lifting of the stay to permit Plaintiffs to file a motion for leave to supplement and/or amend the complaint and, if the Court determines that the complaint as amended and/or supplemented may be filed, to Plaintiffs' request to permit Plaintiffs to file a motion for preliminary injunction concerning the implementation of AB 97.

10.  Defendants also oppose the filing of Plaintiffs' motion for a preliminary injunction, but given Plaintiffs' desire to have a motion for preliminary injunction heard at least thirty days before the earliest possible date for implementation of AB 97 and the desirability of a reasonable briefing schedule for any motion for preliminary injunction, are willing to stipulate to Plaintiffs' request to partially lift the stay under the terms set forth below.

11.  Without waiving any of their procedural or substantive rights, Defendants are willing to stipulate to Plaintiffs' request for a May 17, 2011 hearing date for their motion for leave to supplement and/or amend the complaint, subject to the Court's availability, and are willing to stipulate to Plaintiffs' request that the motion be heard on shortened time, pursuant to an expedited briefing schedule, to allow for adequate briefing time on a motion for preliminary injunction in the event that the Court allows the supplemental complaint to go forward.  If leave to supplement and/or amend the complaint is granted, Defendants are further willing to stipulate to Plaintiffs' request that Plaintiffs' preliminary injunction motion may be heard on June 28, 2011, subject to the Court's availability, and the parties agree that any motion by Defendants to dismiss the complaint may be heard on the same date.

THE PARTIES HEREBY STIPULATE as follows:

a) As soon as possible and subject to Court approval, the stay that is currently in place in this action should be partially lifted to permit Plaintiffs to file a motion for leave to supplement their complaint and, if the Court allows the supplemental complaint to go forward, for Plaintiffs to file a further motion for preliminary injunction concerning the implementation of AB 97.  The lifting of the stay shall encompass all proceedings related to the filing of the amended and/or supplemental complaint and the motion for preliminary injunction, including the filing by Defendants of any motions to dismiss or challenge the amended and/or supplemental complaint,

and any ancillary proceedings relating to the request for, or entry of, a preliminary injunction order, and proceedings relating to any appeals from the foregoing. Discovery relating to the preliminary injunction may be allowed to the extent of any agreement in writing between the parties, and either party may seek leave of Court to take such discovery. The parties agree that certification of an amended or new class is not required to obtain preliminary injunctive relief applicable to all members of the putative class. This agreement is without prejudice to Defendants' rights to oppose putative classwide relief on other grounds in opposing the preliminary injunction motion. Other than the foregoing, the stay in this action shall remain in place in accordance with the terms of the Court's Nov. 22, 2010 Stay Order.

    b) In accommodation of Plaintiffs' request for an early hearing of Plaintiffs' motion for leave to amend and/or supplement the complaint, Plaintiffs' motion for leave to amend and/or supplement the complaint may be heard on May 17, 2011, subject to the Court's availability, and, subject to the Court's approval of this hearing date, the motion shall be heard on shortened time, in accordance with the following briefing schedule: Plaintiffs' motion for leave to supplement was served on April 21, 2011 and filed with the Court that same day subject to the Court granting leave to consider it; Defendants' opposition shall be filed and served on or before May 4, 2011; and Plaintiffs' reply brief shall be filed and served on or before May 10, 2011.

    c) In addition, if Plaintiffs are granted leave to file an amended and/or supplemental complaint, in accommodation of Plaintiffs' request, Plaintiffs' motion for preliminary injunction shall be set for hearing on June 28, 2011, subject to the Court's availability, and will be briefed on a normal briefing schedule, with the opening brief to be filed and served on May 24, 2011; opposition brief to be filed and served on June 7, 2011, and reply brief to be filed and served on June 14, 2011. The parties agree that any motion by Defendants to dismiss the amended and/or supplemental complaint should be set for the same hearing date, and in accordance with the same briefing schedule, as the motion for preliminary injunction.

    d) This stipulation shall not be construed as an acknowledgment or concession by Defendants that the filing of a motion for leave to supplement and/or amend the complaint or for a preliminary injunction is timely or appropriate, and is without prejudice to Defendants' rights to

oppose the motion for leave to file an amended and/or supplemental complaint and preliminary injunction motion on any procedural and substantive ground.

Dated: April 25, 2011        KENNETH A. KUWAYTI
                             MORRISON & FOERSTER LLP


                             By:  /s/ Kenneth A. Kuwayti
                                     KENNETH A. KUWAYTI

                             Attorneys for Plaintiffs


Dated: April 25, 2011        KAMALA D. HARRIS
                             Attorney General of California
                             JOSHUA SONDHEIMER
                             Deputy Attorney General


                             By:  /s/ Joshua Sondheimer
                                     JOSHUA SONDHEIMER

                             Attorneys for Defendants


## ORDER

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.  The Court's November 22, 2010 Order staying this action is partially lifted as set forth above.  The hearing on Plaintiffs' motion for leave to supplement the complaint shall be set for May 17, 2011 at 1:00 p.m.  This order supersedes the Clerk's Notice continuing the hearing to July 26, 2011 (Doc. No. 209).

The hearing on Plaintiffs' motion for preliminary injunction and any motion by Defendants to dismiss, if necessary, shall be set for June 28, 2011 at 1:00 p.m.

The Court, in its discretion, may resolve the motion without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).  The parties are advised to check the Court's website to determine whether an appearance is required.

1
2       IT IS SO ORDERED.
3   Dated:   April 26, 2011

                                            _____
4                                           Honorable Saundra Brown Armstrong
                                            United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ORDER 45 ATTESTATION**

I, Kenneth A. Kuwayti, am the ECF User whose ID and password are being used to file this SUPERSEDING STIPULATION AND [PROPOSED] ORDER FOR PARTIAL LIFT OF STAY AND ORDER SHORTENING TIME.  In compliance with General Order 45, X.B., I hereby attest that JOSHUA SONDHEIMER has concurred in this filing.

Dated:  April 25, 2011                    By:     /s/ Kenneth A. Kuwayti
                                                  KENNETH A. KUWAYTI

SUPERSEDING STIP. AND [PROPOSED] ORDER FOR PARTIAL LIFT OF STAY AND ORDER SHORTENING TIME
CASE NO. C09-03798 SBA
pa- 1459744

9