UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ESTHER DARLING; RONALD BELL by His guardian ad litem Rozene Dilworth; GILDA GARCIA; WENDY HELFRICH by her guardian ad litem Dennis Arnett; JESSIE JONES; RAIF NASYROV by his guardian ad litem Sofiya Nasyrova; ALLIE JO WOODARD, by her guardian ad litem Linda Gaspard-Berry; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOBY DOUGLAS, Director of the Department of Health Care Services, State of California, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Defendants. | Case No: C 09-03798 SBA<br><br>**ORDER CONTINUING HEARING** |

The parties are before the Court on Defendants' request to continue the hearing on Plaintiffs' motion for preliminary injunction, which presently is scheduled for July 26, 2011. At the direction of the Court, the parties have submitted letter briefs which set forth their respective positions on whether the Court should continue the hearing date. Dkt. 299, 301.

The July 26 hearing date is based on the fact that the State of California passed Assembly Bill ("AB") 97, which will entirely eliminate Adult Day Health Care ("ADHC") as an optional Medi-Cal benefit, effective September 1, 2011. While acknowledging that the State has a right to eliminate such services, Plaintiffs contend that it cannot legally do so without first ensuring that an adequate transition plan is in place. As such, Plaintiffs have filed a motion for preliminary injunction to enjoin the elimination of ADHC under AB 97 "until Defendants demonstrate that recipients will receive adequate, appropriate and

1  uninterrupted replacement services necessary to prevent their institutionalization." Dkt.
2  225.
3       On July 22, 2011, Defendants notified the Court that they have obtained approval
4  from the Centers for Medicare and Medicaid to maintain ADHC as a benefit until at least
5  December 1, 2011.  Dkt. 299.  Based on that delay, Defendants posit that the adjudication
6  of Plaintiffs' motion would be premature, since the circumstances underlying said motion
7  are likely to change in view of this delay.  In particular, Defendants represent that the time
8  extension will "allow the Department to further develop the transition program to ensure
9  that there is a seamless transition of ADHC beneficiaries to alternative services."  Dkt. 299
10 at 2.  Plaintiffs oppose continuing the hearing date, claiming that Defendants have made no
11 showing that their allegedly inadequate transition plan will improve prior to December 1,
12 2011.  Dkt. 301.
13      The Court is persuaded that the change in circumstances presents good cause for
14 continuing the July 26 motion hearing date.  Since Plaintiffs' motion is based on the
15 assumption that an adequate transition plan will not be in place by termination date of the
16 ADHC benefit, it would be premature for the Court to proceed with Plaintiffs' motion now
17 that the termination date has been delayed until December 1, 2011.  Plaintiffs' assertion that
18 Defendants will do nothing to improve their transition plan is speculative.  Moreover, even
19 if Defendants fail to change their transition plan, Plaintiffs will be not be prejudiced by the
20 continuance, since their motion for preliminary injunction will be heard prior to December
21 1, 2011.[1]  Accordingly,

---

[1] Plaintiffs have requested that, in the event the Court continues the motion, the Court authorize the parties to engage in limited discovery so that they will have current information concerning Defendants' transition efforts.  Plaintiffs are granted leave to conduct such limited discovery.  Nonetheless, the Court encourages the parties to work cooperatively to provide relevant information to one another without resort to formal discovery, to the extent possible.

IT IS HEREBY ORDERED THAT:

1.  Defendants' request to continue the hearing on Plaintiffs' motion for preliminary injunction is GRANTED.  The hearing on Plaintiffs' motion is CONTINUED from July 26, 2011, to <u>November 1, 2011 at 1:00 p.m.</u>

2.  By no later than October 14, 2011, Plaintiffs shall file a supplemental brief in support of their motion for preliminary injunction to incorporate factual developments regarding the Defendants' transition plan since the filing of the motion.  Defendants shall file a responsive brief by October 21, 2011.  Both briefs shall be limited to eight (8) pages.

IT IS SO ORDERED.

Dated:  July 22, 2011

*[signature: Saundra B Armstrong]*
SAUNDRA BROWN ARMSTRONG
United States District Judge