IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER DARLING, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOBY DOUGLAS, et al.,<br><br>    Defendants. | No. Civ. 11-4007 JSC<br><br>**ORDER RE: MOTION TO COMPEL (Dkt. No. 309) AND DEFENDANTS' REQUEST FOR DISCOVERY (Dkt. No. 316)** |

On July 22, 2011, the district court granted Defendants' request to continue the July 26, 2011 hearing on Plaintiffs' fully-briefed motion for a preliminary injunction. In addition to continuing the hearing date, the court stated:

> Plaintiffs have requested that, in the event the Court continues the motion, the Court authorize the parties to engage in limited discovery so that they will have current information concerning Defendants' transition efforts. Plaintiffs are granted leave to conduct such limited discovery. Nonetheless, the Court encourages the parties to work cooperatively to provide relevant information to one another without resort to formal discovery, to the extent possible.

(Dkt. No. 302 at 2 n.1.) Now pending before the Court is Plaintiffs' motion to compel Rule 30(b)(6) depositions in accordance with the July 22 order.

This Court held a telephone hearing with the parties on September 23, 2011. Following that hearing, the parties met and conferred regarding the requested depositions and

agreed that Plaintiffs shall take the requested depositions on October 6 and/or October 7, 2011. Two matters, however, are still in dispute and were addressed at oral argument on September 29, 2011.

First, Plaintiffs seek a 30(b)(6) deposition on the following topic (among others):

> Regarding costs of transition and implementation, costs of developing additional waivers/waiver slots; costs of increased MSSP and PACE enrollment and capacity; additional IHSS hours of service; managed care costs, including capitation rates and enhancements; private case management; projected costs due to emergency room visits, acute hospitalizations and/or nursing facility placements; and costs to supplement payment to ADHC providers for assessments.

In light of Defendants' representation that it does not presently have the information sought, Plaintiffs' motion to compel testimony on this topic is denied. The denial is without prejudice to Plaintiffs renewing their motion should Defendants include such information in their supplemental brief.

Second, Defendants seek to take "limited discovery to obtain recent and current information relevant to plaintiffs' claims that they face unnecessary institutionalization upon discontinuation of the ADHC benefit." (Dkt. No. 316 at 2:15-17.) In response Plaintiffs have agreed to provide Defendants with each Plaintiff's discharge summary as soon as they are available and no later than the date their supplemental brief is due. Defendants' request for additional limited discovery is DENIED. Even assuming the district court's July 22 order permitted Defendants as well as Plaintiffs to take discovery, Defendants' request is well beyond the scope of the limited discovery permitted by that order. The district court permitted discovery only on "current information concerning Defendants' transition efforts." (Dkt. No. 302 at 2 n.1.) The limited discovery sought by Defendants does not fall within that category. Further, Defendants' July 2011 request to continue the fully-briefed preliminary injunction order sought (and received) supplemental briefing "to update the court on the status of the transition efforts at that time." (Dkt. No. 299 at 3.) Again, the information Defendants request of Plaintiffs has nothing to do with the status of Defendants' current transition efforts.

2

1  Given the Court's determination that the discovery Defendants seek is outside the
2 scope of the district court's July 22 order, Defendants alternatively request permission to take
3 this limited discovery on the grounds it is relevant. Regardless of relevance, to allow such
4 discovery now would, in effect, re-open the entire motion. In fact, the district court allowed
5 supplemental briefing solely "to incorporate factual developments regarding Defendants'
6 transition plan since the filing of the [preliminary injunction] motion." (Dkt. No. 302 at 3:6-
7 8.) Defendants' application is therefore DENIED. To the extent, however, Plaintiffs'
8 supplemental brief incorporates new facts about any of the Plaintiff's circumstances, the
9 Court will reconsider its ruling on an expedited basis.

**IT IS SO ORDERED.**

Dated: September 30, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE