Elissa Gershon, State Bar No. 169741
elissa.gershon@disabilityrightsca.org
Elizabeth Zirker, State Bar No. 233487
elizabeth.zirker@disabilityrightsca.org
Kim Swain, State Bar No. 100340
kim.swain@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone:   510.267.1200
Facsimile:   510.267.1201
Additional Counsel Listed on Page 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THENORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER DARLING; RONALD BELL by his guardian ad litem Rozene Dilworth; GILDA GARCIA; WENDY HELFRICH by her guardian ad litem Dennis Arnett; JESSIE JONES; RAIF NASYROV by his guardian ad litem Sofiya Nasyrova; ALLIE JO WOODARD, by her guardian ad litem Linda Gaspard-Berry; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOBY DOUGLAS, Director of the Department of Health Care Services, State of California, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Defendants. | Case No.:  C-09-03798 SBA<br><br>**CLASS ACTION**<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>**Hearing Date:** **December 13, 2011**<br>**Time:** **TBD**<br>**Judge:** Hon. Saundra Armstrong<br>**Address:** 1301 Clay Street<br>Oakland, CA 94102<br>**Courtroom:** 1, 4th Floor |

i

Kenneth A. Kuwayti, State Bar No. 145384
Kkuwayti@mofo.com
Benjamin A. Petersen, State Bar No. 267120
Bpetersen@mofo.com
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone:     650.813.5600
Facsimile:     650.494.0792

Anna Rich, State Bar No. 230195
arich@nsclc.org
Kevin Prindiville, State Bar No. 235835
kprindiville@nsclc.org
NATIONAL SENIOR CITIZENS LAW
CENTER
1330 Broadway, Suite 525
Oakland, California  94612
Telephone:     510.663.1055
Facsimile:     510.663.1051

Eric Carlson, State Bar No. 141538
Ecarlson@nsclc.org
NATIONAL SENIOR CITIZENS LAW CENTER
3435 Wilshire Boulevard, Suite 2860
Los Angeles, CA  90010
Telephone:     213.674.2813
Facsimile:     213.639.0934

Barbara Jones, State Bar No. 88448
bjones@aarp.org
AARP FOUNDATION LITIGATION
200 So. Los Robles, Suite 400
Pasadena, California  91101
Telephone:     626.585.2628
Facsimile:     626.583.8538

Kenneth W. Zeller, *Pro Hac Vice*
kzeller@aarp.org
Kelly Bagby, *Pro Hac Vice*
kbagby@aarp.org
AARP FOUNDATION LITIGATION
601 E Street N.W.
Washington, D.C.  20049
Telephone:     202.434.2060
Facsimile:     202.434.6424

Sarah Somers, State Bar No. 170118
somers@healthlaw.org
Martha Jane Perkins, State Bar No. 104784
perkins@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
101 East Weaver Street, Suite G-7
Carrboro, North Carolina  27510
Telephone:     919.968.6308
Facsimile:     919.968.8855

**Attorneys for Defendants**

KAMALA D. HARRIS Attorney General of California
SUSAN M. CARSON(CA SBN 135875)
Susan.Carson@doj.ca.gov
Supervising Deputy Attorney General
JOSHUA N. SONDHEIMER
Joshua.Sondheimer@doj.ca.gov
455 Golden Gate Avenue, Suite 1100
San Francisco, California 94102-7004
Telephone:  415.703.5615
Facsimile:  415.703.5480

ii

1

**NOTICE OF MOTION AND MOTION**

2        PLEASE TAKE NOTICE THAT on December 13, 2011 at 1:00 P.M. or on such date and

3   time as may be set by the Court, Plaintiffs and Defendants will jointly move for preliminary

4   approval of the proposed Settlement Agreement.  This joint motion is based on this notice, the Joint

5   Memorandum of Points and Authorities, and all documents and arguments submitted in support

6   thereof.

7        **RELIEF SOUGHT:** The parties to this action hereby jointly request the following relief:

8        1.      Preliminary approval of the Class Action Settlement Agreement, including

9   preliminary approval of a modification of the Class Definition;

10       2.      Approval of the proposed form of Notice to the Class; and an order directing

11  provision of Settlement Notice to the Class in accord with the Settlement Agreement; and

12       3.      An order setting a schedule for distribution of the Class Notice and for the Fairness

13  Hearing.

14                                      Respectfully submitted,

15

16                          DISABILITY RIGHTS CALIFORNIA
                            NATIONAL SENIOR CITIZENS LAW CENTER
17                          NATIONAL HEALTH LAW PROGRAM
                            MORRISON & FOERSTER LLP
18                          AARP FOUNDATION LITIGATION

19  Dated:  December 1, 2011

20                              By:   _/s/_____
                                      ELISSA GERSHON
21                                    Attorneys for Plaintiffs

22

23

24

25

26

27                                             1

28  *DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR
    PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING
    NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND
    AUTHORITIES IN SUPPORT OF MOTION

Dated:  December 1, 2011

KAMALA D. HARRIS
Attorney General of California
SUSAN M. CARSON
Supervising Deputy Attorney General


By:   /s/
       SUSAN M. CARSON
       Attorneys for Defendants

*DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

**JOINT MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND SUMMARY OF SETTLEMENT

Plaintiffs, who are elderly persons and adults with disabilities, brought this class action suit against the California Department of Health Care Services and its Director (Defendants) to enjoin changes being made to the Medi-Cal Adult Day Health Care (ADHC) optional benefit.  Plaintiffs asserted that the changes to the program, as enacted by the California Legislature, would place them at risk of unnecessary institutionalization and thus, violate the Americans with Disabilities Act (ADA).  Plaintiffs also alleged violation of the Medicaid Act and the due process clause of the United States Constitution.   Defendants denied these arguments.  Following the issuance of two preliminary injunctions (one of which is pending on appeal) and pending resolution of a third motion for a preliminary injunction, the parties have now reached a Settlement Agreement ("Settlement").  The fully executed proposed Settlement Agreement, as approved by the parties, is attached as Exhibit 1 to the Declaration of Elissa Gershon ("Gershon Declaration").  The Settlement provides significant relief to all Class Members.

Under the proposed Settlement, Defendants will develop a new program, Community-Based Adult Services (CBAS) in areas where ADHC services are currently available under an existing Medicaid waiver to serve individuals currently receiving ADHC services with the highest needs. The Settlement Agreement also provides for the provision of CBAS for individuals who may qualify in the future for those services.   There will be no enrollment cap on the CBAS program.  CBAS services will be substantially similar to ADHC services, and will be an outpatient, facility-based services program that delivers skilled nursing care, social services, therapies, personal care, family/caregiver training and support, meals and transportation to eligible Medi-Cal beneficiaries. CBAS will be available at former ADHC centers that are approved as CBAS providers.

Under the Settlement, the elimination date for the ADHC benefit will be February 29, 2012, to ensure a seamless transition for eligible ADHC participants to move to the CBAS program.  The Centers for Medicare and Medicaid Services (CMS) has approved this change in elimination date.

*DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

The Settlement sets forth a process for assessment for eligibility for CBAS; Class Members who are not eligible for CBAS will receive Enhanced Case Management to assist them to transition to other community-based long-term care services.  The Settlement includes a process to ensure a smooth transition to these new forms of services, as well as notice and due process procedures for Class Members.   Finally, the Settlement provides for reimbursement of Plaintiffs' attorneys' fees and costs, as well as monitoring of the Settlement.  All claims in this matter, including the pending appeal of the second preliminary injunction, are resolved by the Settlement.

## II.     PROCEDURAL HISTORY

Plaintiffs initially filed their complaint for declaratory and injunctive relief against the California Department of Health Care Services and its Director on August 18, 2009.  Pursuant to Assembly Bill 5, 4th Ex. Session (Cal. 2009) (Chapter 5, Statutes of 2009) ("ABx4 5"), the Legislature enacted a temporary reduction to ADHC services from a maximum of five to no more than three days per week for all Medi-Cal funded program participants until new medical necessity and eligibility criteria could be developed.  Plaintiffs sought and obtained a preliminary injunction, issued on September 10, 2009, which enjoined Defendants from implementing this temporary reduction in services.  *Brantley v. Maxwell Jolly,* 656 F. Supp. 2d 1161 (N.D. Cal. 2009.)  Defendants did not appeal this preliminary injunction.  On December 18, 2009, Plaintiffs filed their first amended complaint.

ABx4 5 also required Defendants to develop and implement new medical necessity and eligibility requirements for receipt of ADHC services.  The District Court preliminarily enjoined implementation of these new eligibility criteria in an Order issued February 24, 2010.  *Cota v. Maxwell-Jolly,* 688 F. Supp. 2d 980, 994 (N.D. Cal. 2010.)  On March 23, 2010, Defendants appealed this preliminary injunction to the Ninth Circuit Court of Appeal.  That appeal is still pending.  (Appellate Case No. 10-15635).

4

*DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1    Defendants filed their Answer to Plaintiffs' first amended complaint on March 5, 2010.  The

2    Court issued its Order granting class certification on August 10, 2010.  On November 8, 2010, the

3    parties filed a Stipulation to stay proceedings pending the appeal in the Ninth Circuit.

4    On March 24, 2011, the Governor signed Assembly Bill 97 (Statutes of 2011) ("AB 97"),

5    which proposed to eliminate ADHC as a Medi-Cal optional benefit.  The Parties stipulated to

6    partially lift the stay on April 25, 2011.  Plaintiffs filed a contested motion for leave to supplement

7    the First Amended Complaint, which was granted.  On May 12, 2011, Defendants submitted a State

8    Plan Amendment (SPA) to the Center for Medicare and Medicaid Services (CMS), and received

9    federal approval on July 1, 2011 to eliminate ADHC as a Medi-Cal optional benefit as of September

10   1, 2011.

11   On June 2, 2011, Plaintiffs filed their Second Amended Complaint.  On June 27, 2011,

12   Defendants filed a writ of mandamus in the Ninth Circuit challenging the District Court's granting of

13   leave to amend the First Amended Complaint.   The writ was denied on November 15, 2011.  (Case

14   No. 11-71801).

15   Plaintiffs filed their third motion for preliminary injunction on June 9, 2011 seeking to

16   preliminarily enjoin implementation of AB 97.  The U.S. Department of Justice filed Statements of

17   Interest regarding Plaintiffs' third motion for preliminary injunction on July 12, 2011 and on

18   October 31, 2011.  Plaintiffs' third motion for preliminary injunction was initially set for hearing on

19   July 26, 2011. On July 21, 2011, Defendants submitted an amended State Plan Amendment to CMS

20   to postpone the elimination date to December 1, 2011.  On July 22, 2011, Defendants requested and

21   were granted a continuance of the third preliminary injunction hearing until November 1, 2011.  The

22   Court subsequently continued the hearing to November 8, 2011 and then again to November 17,

23   2011.  On November 17, 2011, the Parties notified the Court that they had reached a Settlement, and

24   the motion on the preliminary injunction hearing was subsequently taken off calendar.

25   **III.    DESCRIPTION OF SETTLEMENT PROVISIONS**

26       **A.      Provisions for Named Plaintiffs (Section VIII of the Settlement)**

27                                                        5

28   *DARLING, ET AL. V. DOUGLAS, ET AL.*, C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR
     PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING
     NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT OF MOTION

All Plaintiffs identified as Class Representatives in Plaintiffs' Second Amended Complaint will be deemed eligible for CBAS services at their current ADHC level, at least until a regularly scheduled reassessment as set forth in Section XI.C. of the Agreement.  This includes Ronald Bell, Esther Darling, Gilda Garcia, Wendy Helfrich, Jessie Jones, Raif Nasyrov, and Allie Jo Woodard.

**B.      Amendment to the 1115 Waiver to Provide CBAS Services (Section IX of the Settlement)**

Defendants agree, with the express written support from Plaintiffs, to act as soon as possible to seek and secure an amendment to the State's Medi-Cal 1115 Waiver to ensure the provision of CBAS services to eligible Class Members.  The eligibility criteria for CBAS are set forth in the Settlement Agreement in Section X.

**C.      Eligibility for the New CBAS Services (Section X of the Settlement)**

Eligibility criteria for CBAS services are designed to enable Class Members who are at high risk for institutionalization to receive CBAS services.

Individuals will be eligible for CBAS if they meet any of the following five criteria:

1.      They meet Nursing Facility Level of Care A (NF-A) as set forth in 22 CCR section 51120(a) and 51334(l) and meet current ADHC medical necessity and eligibility criteria set forth in Cal.Welf. & Inst. Code §§ 14525(a),(c),(d),(e) and 14526.1(d)(1),(3),(4),(5), and 14526.1(e); *or*

2.      They are an individual with an organic, acquired, or traumatic brain injury, and/or an individual with chronic mental illness, and they meet both of the following criteria:

      a.      They meet current ADHC medical necessity and eligibility criteria set forth in Cal.Welf. & Inst. Code §§ 14525 and 14526.1(d),(e) and

      b.      They need assistance in two (2) of the following ADLS/IADLS[1]: bathing, dressing, self-feeding, toileting, ambulation, transferring, medication

---

[1] Activities of Daily Living (ADL)/Instrumental Activities of Daily Living (IADL).

6

management, and hygiene; *or* One (1) ADL/IADL listed above and money
management, accessing resources, meal preparation, or transportation; *or*

3.     They have moderate to severe Alzheimer's Disease or other dementia, *and* meet current ADHC medical necessity and eligibility criteria set forth in Cal.Welf. & Inst. Code §§ 14525(a),(c),(d),(e) and 14526.1(d)(1),(3),(4),(5); and 14526.1(e); *or*

4.     They have mild cognitive impairment including moderate Alzheimer's Disease or other dementia, *and* meet current ADHC medical necessity and eligibility criteria set forth in Cal.Welf. & Inst. Code §§ 14525 and 14526.1(d), (e); *or*

5.     They are developmentally disabled, *and* meet current ADHC medical necessity and eligibility criteria set forth in Cal.Welf. & Inst. Code §§ 14525(a),(c),(d),(e) and 14526.1(d)(1),(3),(4),(5); and 14526.1(e).

**D.**     **Assessment for CBAS Services (Section XI. of the Settlement)**

The parties have agreed on a process for assessment of all Class Members, details of which are set forth in Section XI of the Agreement. All Class Members will receive assessments and a determination of their eligibility for CBAS. In order to streamline the process, the Parties have identified a mechanism for identifying those Class Members who are most likely to meet the eligibility criteria and expediting their enrollment in CBAS. The process for all Class Members who currently receive ADHC includes: a) the Defendants will identify current ADHC participants who are "categorically eligible" for CBAS as defined in Section VI.(4) of the Agreement, and provide a list of these participants to ADHC centers by December 2, 2011;[2] b) the Defendants will identify current ADHC participants who are "presumptively eligible" for CBAS as defined in Section VI.(19) of the Agreement, and provide a list of these participants to ADHC centers on a rolling basis;[3] and c)

---

[2] Categorically eligible for CBAS means current ADHC recipients who are: Regional Center clients; Multi-Purpose Senior Services Program (MSSP) clients; eligible for Specialty Mental Health services; and/or eligible to receive 195 or more hours of In-Home Supportive Services (IHSS) per month.

[3] Presumptively eligible means current ADHC recipients who are likely to meet NF-B level of care, or whose ADHC IPCs indicate a need for assistance or supervision with three ADLs/IADLs and one nursing intervention.

7

1    the Defendants will assess the remaining ADHC participants with an agreed-upon assessment tool

2    By January 20, 2012.  (To further assist in streamlining this process, ADHC centers will be asked to

3    complete a screen on all of their participants who are not identified as categorically or presumptively

4    eligible and provide the results to DHCS).  There are also assessment procedures for individuals who

5    wish to apply for CBAS services during the term of the Settlement.

6         **E.    Provision of CBAS Services (Section XII. of the Settlement)**

7              After the initial transition period (estimated to be until July 1, 2012), CBAS will only be

8    offered through managed care plans, except in geographic areas where Medi-Cal managed care is

9    not available, and for Class Members who do not qualify for managed care.  Class Members who are

10   found eligible for CBAS services shall be promptly notified of their eligibility and the process for

11   obtaining CBAS services, and, as applicable, provided with information on enrolling in managed

12   care.[4]  Eligible Class Members shall transition from ADHC to CBAS as a fee-for-service benefit,

13   without interruption, and at their current level of service.[5]

14              The Department agrees to take all necessary and timely steps to ensure adequate provider

15   capacity.

16        **F.    Enhanced Case Management Services for Class Members not Enrolled in CBAS**
              **(Section XIII. Of the Settlement)**

17              Each Class Member who does not meet the eligibility criteria for CBAS shall, prior to the

18   termination of ADHC benefits, receive Enhanced Case Management Services as defined in Section

19   VI of the Agreement.  Enhanced Case Management includes person-centered planning and complex

20   case management to assist Class Members in getting the services they need to remain in their homes

21   and communities. Enhanced Case Management will include development of a care plan that

22   addresses the Class Member's assessed needs, as identified in an ADHC discharge plan, and which

23

24   ───────────────

25              [4] "Managed Care" refers to California's system for providing Medi-Cal services through contracts between the
     Department of Health Care Services and managed care organizations (MCO) or health plans.
              [5] "Fee-for-Service" refers to a payment model for medical services under Medi-Cal where health care providers
26   receive a fee for each service from DHCS.

27                                                          8

28   *DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR
     PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING
     NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT OF MOTION

includes involvement of the Class Member and his or her family as appropriate.  Class Members shall have the option to receive Enhanced Case Management Services on a Fee-for-Service basis or, for eligible Class Members, through Medi-Cal managed care.

### G.     Due Process/Appeals (Section XIV. of the Settlement)

Nothing in the Settlement Agreement abrogates class members' due process rights under state or federal law.  Section XIV.B.(1-5) of the Agreement provides detailed information about actions by DHCS or a managed health care plan that will trigger a Class Member's right to written notice of adverse actions, an opportunity for a hearing, and an opportunity to file appeals and grievances in response to those actions.  In addition, the right to an independent medical review of a managed care internal review decision is set forth in Section XIV.C. of the Agreement.  The right to Aid-Paid-Pending in certain circumstances is set forth in Section XIV.D.(1-3) of the Agreement.

### H.     Provision of Information and Notices During the Term of the Settlement (Section XV of the Settlement)

Class Members are entitled to notice, access to information, and assistance in order to secure CBAS services and Enhanced Case Management, as set forth in Section XV.A(1-5) of the Agreement.

### I.     Data Collection and Reporting: (Section XVI.A of the Settlement)

Defendants agree to provide data to Plaintiffs' counsel for purposes of monitoring the Settlement.  The data collection and reporting components are in Section XVI.A. of the Settlement.

### J.     Quality Assurance: (Section XVI.B of the Settlement)

Defendants agree as part of the Settlement to provide quality assurance monitoring and oversight of services to all Class Members.

### K.     Form of the Judgment: (Section XVII of the Settlement)

The Parties join in asking the Court to enter a consent judgment approving this Settlement and to retain jurisdiction over this matter for the purpose of assuring compliance with the terms of the Settlement until the termination of this Agreement as set forth in Section XXII of the Agreement.

9

**L.     Scope of the Agreement: (Section XVIII of the Settlement)**

This Settlement fully settles all claims alleged in the Complaint, the First Amended Complaint, and the Second Amended Complaint filed on June 2, 2011 against all Defendants. Defendants shall, upon the Effective Date of the Settlement, immediately take all necessary steps to withdraw the pending matter in the Ninth Circuit U.S. Court of Appeal, Case No. 10-15635.

**M.     Judicial Approval of the Settlement and Notice to Class Members (Section XIX A and B of the Settlement)**

Upon the Court's granting of preliminary approval of the Settlement, the Settlement provides that the Parties will provide notice to the Settlement Class in a manner agreed upon by the Parties and/or ordered by the Court pursuant to Federal Rule of Civil Procedure 23(e).  See later discussion in this Memorandum about Class Notice in Section VII.C. *infra*.

**N.     Elimination of ADHC (Section XIX.C of the Settlement)**

The Settlement provides that the ADHC program will not be eliminated until the Settlement is approved by the Court and time for filing any appeals has expired (i.e., 31 days from final approval by the Court).  The parties agree that implementation of Settlement activities may occur prior to the Effective Date of Settlement; however the ADHC program shall not be eliminated prior to the Effective Date of the Settlement.

**O.     Disputes Concerning Implementation and Compliance: (Section XXI of the Settlement)**

The Parties have agreed to a process for disputes concerning compliance and implementation.  This process includes informal consultation and the use of a mediator, including Magistrate Judge Nathanael Cousins or any other mutually acceptable mediator, prior to any motion to enforce the terms of the Agreement.  This dispute resolution process is in addition to any non-class based remedies available to individual Plaintiffs and Class Members for resolution of their individual disputes regarding eligibility and/or appropriateness of services and benefits based on need, including due process grievance and hearing procedures.

**P.      Duration of the Time Period to Satisfy the Terms of the Agreement and Judgment: (Section XXII of the Settlement)**

Under the Settlement, the parties will ask the Court to retain jurisdiction over this lawsuit until 30 months after the Effective Date of the Settlement.  The parties agree that this expiration of jurisdiction shall not be extended, for any reason, beyond the 30-month period following the Effective Date of the Settlement.  The parties also agree that no provision of the Settlement will be enforceable beyond the 30-month period following the Effective Date of the Settlement.

**Q.      No Admission of Liability:  (Section XXIII of the Agreement)**

Defendants expressly deny each and all of the claims and contentions alleged against them by the Plaintiffs in this action.

**R.      Additional Provisions:  (Section XXIV of the Settlement)**

This Section contains additional provisions related to interpretation of the Agreement.

**IV.      THE SETTLEMENT CLASS SHOULD BE APPROVED**

On August 10, 2010 this Court approved a class defined as: "All Medi-Cal beneficiaries in the State of California for whom Adult Day Health Care benefits will be reduced, suspended, denied or terminated under the provisions of ABx4 5" and a "Termination of Benefits" subclass relating to Class Members who would have been subject to the new eligibility criteria preliminarily enjoined in the Second Preliminary Injunction.  Order Granting Plaintiffs' Motion for Class Certification.  ECF No. 198 at 11.  The Court had previously approved the parties' stipulation to certify the "Limitation of Benefits" subclass relating to Class Members who would have had their ADHC benefits reduced to no more than three days per week. ECF No. 190.  Plaintiffs' Second Amended Complaint defined the putative class for the cuts related to AB 97 as "all Medi-Cal beneficiaries in the State of California for whom Adult Day Health Care benefits will be reduced, suspended, denied or terminated under the provisions of ABx4 5 and/or AB 97."  ECF No. 218.

Because the Settlement resolves all claims stemming from both ABx4 5 and AB 97, and because the cuts made by AB 97 subsume the prior classes, subclasses are no longer necessary and a

11

single combined Class definition is appropriate.  Therefore, for settlement purposes, the parties have proposed a modified Class definition as follows:

> "All Medi-Cal beneficiaries in the State of California for whom Adult Day Health Care benefits will be eliminated under the provisions of AB 97 including those who met or will meet the current eligibility and medical necessity criteria for ADHC at any point prior to the Effective Date of this Settlement; or (2) who will meet the eligibility and medical necessity criteria for CBAS at any point prior to Termination of this Agreement."

(Section XVI of the Settlement).  The Parties ask the Court to preliminarily approve this comprehensive, revised definition.

The Parties also request that the Court preliminarily determine that the Class Representatives and Class Counsel are appropriate for settlement purposes.  On August 10, 2010, the Court determined that Harry Cota, Gilda Garcia, Allie Jo Woodard (by and through her guardian ad litem Linda Gaspard-Berry) and Ronald Bell (by and through his guardian ad litem Rozene Dilworth) were appropriate Class representatives and that Plaintiffs' counsel Disability Rights California, National Health Law Program, National Senior Citizens Law Center, AARP Foundation Litigation, and Howrey LLP would adequately represent the Class.  ECF No. 198 at 11.  Harry Cota is now deceased and the Second Amended Complaint added additional putative Class Representatives.  The parties request that this Court preliminarily determine that Plaintiffs Wendy Helfrich, Jessie Jones, Raif Nasyrov, and Esther Darling, are appropriate Class representatives for the Settlement Class and that Ronald Bell, Gilda Garcia, and Allie Jo Woodard, will continue to be deemed to be appropriate Class Representatives for the Settlement Class.  The parties further request that the Court preliminarily determine, for purposes of Settlement only, that the Settlement Class will be deemed to meet the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2), and that Plaintiffs' counsel Disability Rights California, National Health Law Program, National Senior Citizens Law Center, AARP Foundation Litigation, and Morrison & Foerster LLP shall continue as Class counsel for the Settlement Class, pursuant to Federal Rules of Civil Procedure Rules 23(a), (c) and (g).

## V.    THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE UNDER FED. RULE OF CIV. PROC. 23(e)

**A.      The Settlement is Fair to Class Members**

Federal Rule of Civil Procedure 23(e) requires that any proposed settlement or compromise in a class action suit be subject to court approval and a determination that it is "fair, reasonable, and adequate."  The court may approve the settlement preliminarily, establishing an initial presumption of fairness.  *In re General Motors Corp Pick-Up Truck Fuel Tank Products Liability Litigation* 55 F.3d 768 (3rd Cir.1995); *Hanlon v. Chrysler Corp*, .150 F.3d 1011, 1026 (9th Cir. 1998).  Where a "proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Bourlas v. Davis Law Associates***,** 237 F.R.D. 345 (E.D.N.Y.2006). *Id* at 355 (internal citations omitted).

The standard by which a proposed settlement is to be evaluated is whether the settlement is fundamentally fair, adequate and reasonable.  FRCP 23(e); *Officers for Justice v. Civil Service Commission of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  This determination involves a balancing of factors which may include: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class Members to the proposed settlement.  The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Id*. at 625 (internal citations omitted).

**B.      The Settlement is the Product of Serious, Informed, Non-collusive Negotiations Conducted by Experienced Counsel**

This case has been aggressively and effectively litigated by the parties, as set forth in more detail in the Procedural History, Section II, *supra*.  In September 2011, the Parties began discussions

13

regarding a potential settlement agreement.  In addition to numerous telephone calls and email exchanges, the Parties met in person more than 11 times in October and November 2011, at length, often for full-day sessions, and exchanged multiple written proposals.  Discussions included direct participation of with high-level DHCS staff and the Director of DHCS, Toby Douglas; plaintiffs' experts; providers of ADHC services; and named plaintiffs and/or their Guardians ad Litem. Gershon Decl. ¶ 11.

Plaintiffs have been vigorously represented in the litigation and the settlement discussions by non-profit law firms and private counsel.  Co-Counsel for the Plaintiffs include the AARP Foundation Litigation in Washington D.C., which has significant national experience representing older adults; the National Health Law Program (NHELP), the pre-eminent national experts in Medicaid law; the National Senior Citizens Law Center (NSCLC), which has with significant national experience representing older adults and with specific expertise in managed health care plans and Medicaid law; and the firms of Howrey LLP and of Morrison & Foerster LLP, representing the class *pro bono*.  Lead Counsel Disability Rights California is a statewide disability rights non-profit organization with extensive experience in litigation under the Americans with Disabilities Act.  Gershon Declaration ¶ 10..  Collectively, Plaintiffs' counsel have a longstanding commitment to protecting the rights of people with disabilities..  Defendants were represented by the Office of the Attorney General and the Chief Counsel of DHCS who participated throughout the settlement negotiations.

There can be no dispute that the negotiations were serious, informed and non-collusive.

**C.    The Settlement Fairly and Adequately Addresses the Concerns Underlying the Litigation and Provides Similar Benefits to All Similarly Situated Class Members**

Determination of adequacy of a settlement includes the degree to which the primary concern of plaintiffs in filing the suit is addressed by the proposed agreement.  *Officers for Justice*, 688 F.2d at 628.  The Settlement fully addresses the concerns that were the basis of Plaintiffs' claims,

14

providing significant relief to the Class, and disposes of all claims filed against Defendants. Plaintiffs brought this suit to challenge changes to the ADHC program, including its elimination as a Medi-Cal benefit, alleging that these changes would place Class Members at risk of unnecessary institutionalization.  The requested relief was for the continuation of ADHC services unless and until Class Members were provided adequate Medi-Cal-covered alternatives, without interruption of services, and that due process rights to challenge denial, termination, reduction or suspension of plaintiffs' and Class Members' Medi-Cal covered services be maintained.  The Settlement accomplishes these goals.  It provides for the creation of a new but similar program, CBAS, which will replace ADHC and offer eligible Class Members an outpatient, facility-based service program that delivers skilled nursing care, social services, therapies, personal care, family/caregiver training and support, meals and transportation.  The Settlement provides for monitoring of implementation of the agreement by Plaintiffs' counsel in order to ensure Class Members receive services to which they are entitled under the Agreement.

The proposed Settlement is also fair in that this is an action for declaratory and injunctive relief, not for money damages, and the relief afforded to named plaintiffs is not greater than that afforded to Class Members as a whole.

### D.  The Settlement is Reasonable in Light of the Risks of Further Litigation and Other Factors

Significant in evaluating the reasonableness of a proposed settlement are the risks at trial for both sides, the costs of continuing the litigation, and the delay and/or preclusion in achieving the favorable results for Class Members that continued litigation, including appeals, would entail. *Officers for Justice*, 688 F.2d at 625.  This Settlement provides immediate, significant, and individually tailored benefits to over 35,000-38,000 Class Members, despite a significant California budget crisis.  It ensures that an adult day health care program or other community-based services will be available to those Class Members for at least 30 months and potentially much longer, despite cuts in other California safety net programs due to budget restrictions.  The continuation of this

15

litigation and its related appeal would be expensive and would place a significant demand on judicial resources.  Furthermore, in light of the fact that the case raises issues of first impression under the Americans with Disabilities Act and the Medicaid Act, and other factors, there is a risk that Class Members would end up with no adult day health care program or enhanced case management benefits at all or with a much smaller set of benefits.  Therefore, the Settlement is reasonable.

## VI.  THE PROPOSED CLASS NOTICE AND PROCEDURE FOR APPROVAL ARE APPROPRIATE UNDER FED. RULE OF CIV. PROC. 23(e)(1)

### A.  The Proposed Settlement Notice Provides Appropriate Information to Class Members in Easily Understandable Language.

Rule 23(e)(1) of the Federal Rules of Civil Procedure requires that prior to final approval of a class settlement, "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Generally, notices to class members must be "clearly and concisely state[d] in plain, easily understood language."  Rule 23(c)(2)(B).

The parties have prepared a draft Settlement Notice for approval by the Court that concisely and accurately summarizes the major provisions of the proposed Settlement.  Gershon Decl, Exhibit 2.  The Settlement Notice is in simple understandable language, and was modeled after the sample notices prepared by the Federal Judicial Center.  *See*, http://www.fjc.gov/.  The Notice generally is designed to be understandable by people with a ninth grade education.  The notice provides phone numbers and emails for people to contact counsel to ask questions or obtain additional information, and  Class Members can obtain copies of the full Settlement Agreement from the parties or on line on the parties' websites.

### B.  The Process for Distribution of Class Notice is Reasonably Calculated to Reach Class Members.

The parties propose to distribute the Settlement Notice to Class Members in three ways.  Within one (1) business day of Court Approval of the form of the notice:

16

1) DHCS will send a copy of the Class Settlement Notice to all current Medi-Cal ADHC participants and to individuals who received ADHC under Medi-Cal at any time since July 1, 2011, at his/her last known address;

2) DHCS will distribute the notice via fax blast to all ADHC providers; and

3) Upon approval of the Settlement Notice by the Court, DHCS and Disability Rights California will post the Settlement Notice on their respective websites.

Thus, the proposal is designed to reach individual Class Members and their family members both at their homes and in their ADHC centers, and to provide information to the ADHC centers to help ensure that the Class Members and their family members receive the Settlement Notice.

In addition, the Settlement Notice will be translated into the 13 Medi-Cal threshold languages. For individuals who need accommodations due to their disabilities, the Notice will be available in alternative formats, such as electronic versions, tapes and Braille, as feasible.

### C. The Settlement Approval Process Provides Adequate Opportunity for Class Members to Raise Objections or Comment on the Settlement.

A process for raising objections is set forth in Paragraph 16 of the Class Notice, which also informs Class Members about the methods for communicating any objections. The parties may file written objections with the Court and may appear at the proposed Fairness Hearing (after mailing written notices of intent to appear.) Class Members have a reasonable time to respond to the proposed notice, pursuant to the following proposed schedule:

| | |
|---|---|
| **December 13, 2011:** | Hearing re Preliminary Approval of Settlement and Class Certification. (1:00 p.m.) |
| **December 14, 2011:** | Notice to be mailed to Class Members |
| **January 10, 2012:** | Last day for Class Members to mail objections to settlement agreement. |
| **January 17, 2012:** | Parties to file Summary of Objections and Responses with the Court. |
| **January 24, 2012:** | Fairness Hearing (1:00 p.m.) |

*DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

**CONCLUSION**

For the reasons discussed above, Plaintiffs and Defendants request that the Court: 1) Issue Preliminary Approval of the Class-Action Settlement; 2) approve the proposed Notice of Proposed Settlement and the process for distribution of the Notice; 5) establish a schedule for distribution of the Notice, handling of objections, and related filings; and 6) set a date and time for the Fairness Hearing.

Respectfully submitted,

DISABILITY RIGHTS CALIFORNIA
NATIONAL SENIOR CITIZENS LAW CENTER
NATIONAL HEALTH LAW PROGRAM
MORRISON & FOERSTER LLP
AARP FOUNDATION LITIGATION

Dated:  December 1, 2011

By:   /s/
ELISSA GERSHON
Attorneys for Plaintiffs

Dated:  December 1, 2011

KAMALA D. HARRIS
Attorney General of California
SUSAN M. CARSON
Supervising Deputy Attorney General

By:   /s/
SUSAN M. CARSON
Attorneys for Defendants

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GENERAL ORDER 45 ATTESTATION**

I, Elissa Gershon, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order.  In compliance with General Order 45, X.B., I hereby attest that SUSAN M. CARSON has concurred in this filing.

Dated:  December 1, 2011                          By:     _/s/_ _____
                                                                    ELISSA GERSHON

*DARLING, ET AL. V. DOUGLAS, ET AL.,* C09-03798 SBA; JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, AND FOR AN ORDER DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION